**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **FEDERAL INSURANCE** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 1:23-cv-04963** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **BLUESTONE RESOURCES, INC.;** | ) | |
| **BLUESTONE ENERGY SALES CORP.;** | ) | |
| **SOUTHERN COAL CORPORATION;** | ) | |
| **JAMES C. JUSTICE, II; BEECH CREEK** | ) | |
| **COAL CORPORATION; JOHN DOE(S)** | ) | |
| **1-10 (FICTICIOUS NAMES REPRESENTING** | ) | |
| **UNKNOWN INDIVIDUALS); and XYZ** | ) | |
| **CORPS(S) 1-10 (FICTICIOUS NAMES** | ) | |
| **REPRESENTING UNKNOWN** | ) | |
| **CORPORATIONS),** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**PLAINTIFF FEDERAL INSURANCE COMPANY'S MEMORANDUM OF LAW IN**
**SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**
**PURSUANT TO RULE 12(c)**

---

MCELROY DEUTSCH, MULVANEY
& CARPENTER LLP
225 Liberty Street
36th Floor
New York, NY 10281
(T) 212-483-9490

Of counsel and on the brief:

Michael R. Morano

## <u>TABLE OF CONTENTS</u>

**PRELIMINARY STATEMENT** ................................................................................................ 1

**STATEMENT OF FACTS AND PROCEDURAL HISTORY** ............................................ 2

**LEGAL ARGUMENT** ........................................................................................................... 7

**POINT I** ................................................................................................................................... 7

**LEGAL STANDARD FOR MOTION FOR JUDGMENT ON THE PLEADINGS**

**PURSUANT TO RULE 12(c)** ................................................................................................ 7

**POINT II** ................................................................................................................................. 9

**PLAINTIFF FEDERAL INSURANCE COMPANY IS ENTITLED TO**

**JUDGMENT ON THE PLEADINGS AS A MATTER OF LAW** ...................................... 9

  *i.   Federal is entitled to judgment on the pleadings as a matter of law for
       Count  I (contractual indemnification) and Count II (common law indemnification).* .......... 9

  *ii.  Federal is entitled to judgment on the pleadings as a matter of law for
       Count III  (Breach of the Agreement) and Count IV (Breach of the Note).* .......................... 12

**CONCLUSION** ..................................................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Allstate Ins. Co. v. Vitality Physicians Grp. Practice P.C.,
  537 F. Supp. 3d 533 (S.D.N.Y. 2021)........................................................................8

Colonial Sur. Co. v. Eastland Constr., Inc.,
  160 A.D.3d 437 (1st Dep't 2018) ...............................................................................9

CONMED Corp. v. Fed. Ins. Co.,
  590 F. Supp. 3d 463 (N.D.N.Y. 2022).......................................................................8

Davidson v. Flynn,
  32 F.3d 27 (2d Cir. 1994)............................................................................................8

Drzewinski v Atlantic Scaffold & Ladder Co.,
  70 N.Y.2d 774, 515 N.E.2d 902 (1987)...................................................................10

Hooper Assocs., Ltd. v. AGS Computs., Inc.,
  549 N.Y.S.2d 365, 74 N.Y.2d 487 (Ct. App. 1989) ...............................................10

Kader v City of N.Y., Hous. Preserv. & Dev.,
  16 A.D.3d 461, 791 N.Y.S.2d 634 (2005) .................................................................9

Lively v. WAFRA Inv. Advisory Grp., Inc.,
  6 F.4th 293 (2d Cir. 2021) ...........................................................................................8

Lynch v. City of New York,
  952 F.3d 67 (2d Cir. 2020)..........................................................................................8

Margolin v New York Life Ins. Co.,
  32 N.Y.2d 149, 297 N.E.2d 80 (1973)......................................................................10

National Sur. Corp. v. Fishkill Natl. Bank,
  61 Misc.2d 579 (Sup. Ct. N.Y. Cty. 1969), aff'd, 322 N.Y.S.2d 980 (1971) ..........12

Peterson v. Islamic Republic of Iran,
  876 F.3d 63 (2d Cir. 2017)........................................................................................15

Prestige Decorating and Wallcovering, Inc. v. U.S. Fire Ins. Co.,
  49 A.D.3d 406 (1st Dep't 2008) .................................................................................9

Reid v. Telentos Construction Corp., et al.,
  2020 WL6152494 (E.D.N.Y. Oct. 20, 2020)..............................................................9

Sheppard v. Beerman,
   18 F.3d 147 (2d Cir. 1994) .......................................................................................... 8

Startech, Inc. v. VSA Arts,
   126 F. Supp. 2d 234 (S.D.N.Y. 2000) ....................................................................... 12

Travelers Indemnity Co. v. Harrison Constr. Grp. Corp.,
   2008 WL 4725970 (E.D.N.Y. Oct. 22, 2008) ............................................................. 9

W.W. W. Assocs., Inc. v. Giancontieri,
   77 N.Y.2d 157 (1990) ............................................................................................... 15

Whitehurst v. 230 Fifth, Inc.,
   998 F. Supp. 2d 233 (S.D.N.Y. 2014) ....................................................................... 12

**STATUTES**

28 U.S.C. § 1332(a) ............................................................................................................. 4

**RULES**

Rule 12(b)(6) ........................................................................................................................ 8

Rule 12(c) ................................................................................................ i, 2, 7, 8, 12, 16

## PRELIMINARY STATEMENT

This matter arises out of the Defendants repeated failure and/or refusal to comply with their joint and several contractual obligations to indemnify, hold harmless and/or otherwise reimburse Federal Insurance Company ("Federal").  Under Rule 12(c) of the Federal Rues of Civil Procedure, judgment should be entered in favor of Federal, and against the Defendants, because the Defendants do not dispute their failure and/or refusal to comply with their contractual obligations, namely, their obligations to indemnify and otherwise reimburse Federal.

In May 2021, Federal, as surety, issued and/or executed a Supersedeas Bond, bearing bond number K40408460, on behalf of certain of the defendants, Bluestone Energy, Southern Coal and Justice (together, the "Principal" or "Judgment Debtors"), as principal, and in favor of  XCoal Energy & Resources ("XCoal"), as obligee, in the amount of $8,176,927.00 (the "Supersedeas Bond").  The Supersedeas Bond was issued and/or executed by Federal as security for an appeal of the judgment entered in favor of XCoal and against the Judgment Debtors (the "District Court Judgment").  Following affirmance of the District Court Judgment, Federal, in connection with the Supersedeas Bond, paid to XCoal the sum of $8,176,927.00.  In connection with having issued and/or executed the Supersedeas Bond, the claim and demands from XCoal, and, without limitation, the enforcement of Federal's rights, the defendants owe Federal the sum of no less than $8,182,914.50, which sum represents the amount paid by Federal to XCoal under the Supersedeas Bond ($8,176,927.00) plus certain fees and expenses ($55,987.50), but less the sum which, as of the date hereof, has been repaid to Federal ($50,000.00).[1]

---

[1] The sum of $8,182,914.50 excludes interest due and to become due Federal, as well as all other losses, costs and/or expenses, including attorneys' fees, incurred and/or to be incurred by Federal (with interest thereon).  Federal reserves its right to pursue all such interest and additional losses, costs and/or expenses, including attorneys' fees, incurred and/or to be incurred by Federal (with interest thereon).

Despite the clear obligations set for the in the Indemnity Agreement, the Agreement and the Note, the Defendants — as conceded in their Answer — have failed and/or refused to indemnify, hold harmless and/or reimburse Federal for its losses, costs, and expenses (including attorneys' fees) incurred in connection with, without limitation, the Supersedeas Bond and/or this action. Count I, Count II, Count III and Count IV of the Complaint. Accordingly, Federal respectfully requests that this Court grant Federal's Motion for Judgment on the Pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, on Federal's Count I, Count II, Count III and Count IV of the Complaint.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY[2]

On or about June 13, 2023, plaintiff, Federal Insurance Company ("Federal" or "Surety") filed its Complaint against defendants Bluestone Resources, Inc. ("Bluestone Resources"), Bluestone Energy Sales Corp. ("Bluestone Energy"), Southern Coal Corporation ("Southern Coal"), James C. Justice ("Justice") and Beech Creek Coal Corporation ("Beech Creek") in the United States District Court for the Southern District of New York (the "Complaint"). *See* Case No. 1:23-cv-04963, Docket No. 1.[3]  By way of its Complaint, Federal seeks, among other things, contractual indemnification/breach of the Indemnity Agreement (Count I), common law indemnification (Count II), breach of the Agreement (Count III), and breach of the Note (Count IV).  On August 29, 2023, the Defendants filed its Answer to the Complaint (the "Answer"). *See* Case No. 1:23-cv-04963, Docket No.20.[4]

---

[2] For the purposes of the Complaint and this Motion, Bluestone Energy, Southern Coal, and Justice are collectively referred to herein as "Principal" or "Judgment Debtors."  For the purposes of the Complaint and this motion, the Principal and Bluestones Resources are each referred to as an "Indemnitor" and are collectively referred to as the "Indemnitors."  For the purposes of the Complaint and this motion, the Indemnitors and Beech Creek are hereafter collectively referred to as the "Defendants."
[3] A true and copy of the Complaint, with exhibits thereto, is attached to the Certification of Michael R. Morano as Exhibit A.
[4] A true and copy of the Answer is attached to the Certification of Michael R. Morano as Exhibit B.

Federal alleges in the Complaint, and the Defendants admit in the Answer, the following

facts:

- In consideration of Federal issuing and/or executing the Supersedeas Bond on behalf and/or at the request of one or more the Indemnitors, the Indemnitors executed and delivered the Indemnity Agreement in favor of Federal. *See* Federal's Complaint at ¶ 19; *See* the Defendants' Answer at ¶ 19.

- A true and correct redacted copy of the Indemnity Agreement is attached [to the Complaint] as **Exhibit 1**. *See* Federal's Complaint at ¶ 20; *See* the Defendants' Answer at ¶ 20.

- On or about March 10, 2023, Federal and the Defendants entered into that certain Agreement Regarding Indemnity ("Agreement"). *See* Federal's Complaint at ¶ 57; *See* the Defendants' Answer at ¶ 57.

- A true and correct copy of the Agreement and exhibits thereto are attached [to the Complaint] as **Exhibit 14**. *See* Federal's Complaint at ¶ 57; *See* the Defendants' Answer at ¶ 57.

- On or about March 10, 2023, the Defendants, as Makers, executed that certain Promissory Note and Security Agreement in favor of Federal ("Note"). *See* Federal's Complaint at ¶ 67; *See* the Defendants' Answer at ¶ 67.

- A true and correct copy of the Note is attached [to the Complaint] as **Exhibit 15**. *See* Federal's Complaint at ¶ 67; *See* the Defendants' Answer at ¶ 67.

- This Honorable Court possesses original jurisdiction over this matter pursuant to, without limitation, 28 U.S.C. § 1332(a), as this matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and this matter in controversy is between citizens of different states and/or foreign states. *See* Federal's Complaint at ¶ 10; *See* the Defendants' Answer at ¶ 10.

- By executing the Indemnity Agreement, the Indemnitors have consented to venue and personal jurisdiction in this Honorable Court. *See* Federal's Complaint at ¶ 17; *See* the Defendants' Answer at ¶ 17.

- By executing the Agreement and the Note, the Defendants have consented to venue and personal jurisdiction in this Honorable Court. *See* Federal's Complaint at ¶ 18; *See* the Defendants' Answer at ¶ 18.

- Federal issued and/or executed the Supersedeas Bond in connection with the Judgment Debtors' appeal of a judgment in the amount of $6,814,105.30, rendered against them and

in favor of Xcoal on April 14, 2021, in an action pending between them as C.A. No. 18-819-LPS in the United States District Court for the District of Delaware (the "Delaware District Court" and the judgment, the "District Court Judgment"). *See* Federal's Complaint at ¶ 32; *See* the Defendants' Answer at ¶ 32.

- A true and correct copy of the Supersedeas Bond is attached [to the Complaint] as **Exhibit 2**. *See* Federal's Complaint at ¶ 20; *See* the Defendants' Answer at ¶ 20.

- A true and correct copy of the District Court Judgment is attached [to the Complaint] as **Exhibit 3**. *See* Federal's Complaint at ¶ 32; *See* the Defendants' Answer at ¶ 32.

- The District Court Judgment was subsequently amended on or about September 28, 2021, to increase the amount of the District Court Judgment to no less than $10,005,283.08 (the "Amended District Court Judgment"). *See* Federal's Complaint at ¶ 33; *See* the Defendants' Answer at ¶ 33.

- A true and correct copy of the Amended District Court Judgment is attached [to the Complaint] as **Exhibit 4**. *See* Federal's Complaint at ¶ 33; *See* the Defendants' Answer at ¶ 33.

- On July 21, 2022, the United States Court of Appeals for the Third Circuit (the "Third Circuit"), by way of Judgment and Opinion, affirmed the District Court Judgment and the Amended District Court Judgment. *See* Federal's Complaint at ¶ 34; *See* the Defendants' Answer at ¶ 34.

- A true and correct copy of the Third Circuit's Judgment and Opinion are attached [to the Complaint] as **Exhibit 5**. *See* Federal's Complaint at ¶ 34; *See* the Defendants' Answer at ¶ 34.

- On August 25, 2022, the Third Circuit issued the mandate in the appellate proceeding between Xcoal and the Judgment Debtors. *See* Federal's Complaint at ¶ 35; *See* the Defendants' Answer at ¶ 35.

- On or about August 25, 2022, Federal received a copy of Xcoal's demand to the Judgment Debtors that they pay to Xcoal the sum of $10,005,283.08 in connection with the Amended District Court Judgment and/or the Supersedeas Bond (the "Xcoal Demand to Judgment Debtors"). *See* Federal's Complaint at ¶ 36; *See* the Defendants' Answer at ¶ 36.

- On or about August 29, 2022, Federal sent a letter to counsel for the Judgment Debtors indicating that Federal received a copy of the Xcoal Demand to Judgment Debtors, and that Federal expected that the Judgment Debtors resolve the Xcoal Demand to Judgment Debtors without Federal's involvement. *See* Federal's Complaint at ¶ 37; *See* the Defendants' Answer at ¶ 37.

4

- By letter dated August 30, 2022, Xcoal made demand upon Federal in the amount of $8,176,927.00 (the penal limit of the Supersedeas Bond), indicating that the Judgment Debtors failed to make payment or confirm their intention to make payment as requested by Xcoal in the Xcoal Demand to Judgment Debtors (the "Demand to Federal"). *See* Federal's Complaint at ¶ 38; *See* the Defendants' Answer at ¶ 38.

- On November 1, 2022, Xcoal filed a Motion for Enforcement Against Surety of Supersedeas Bond (the "Enforcement Motion") seeking an order directing Federal to pay Xcoal the penal limit of the Supersedeas Bond ($8,176,927.00) as a result of the Judgment Debtors' unsuccessful appeal of the District Court Judgment in respect of which Federal issued the Supersedeas Bond. *See* Federal's Complaint at ¶ 39; *See* the Defendants' Answer at ¶ 39.

- Federal, without prejudice to its rights, by letter dated November 7, 2022, made demand upon the Indemnitors, through their counsel, that the Indemnitors deposit cash or other collateral satisfactory to Federal totaling $8,176,927.00 ("November 2022 Collateral and Indemnity Demand"), in connection with Xcoal's demand in its Enforcement Motion. *See* Federal's Complaint at ¶ 40; *See* the Defendants' Answer at ¶ 40.

- The Indemnitors failed and/or refused to comply with Federal's November 2022 Collateral and Indemnity Demand. *See* Federal's Complaint at ¶ 41; *See* the Defendants' Answer at ¶ 41.

- The Indemnitors failed and/or refused to satisfy Xcoal's demand to Federal as requested in the November 2022 Collateral and Indemnity Demand. *See* Federal's Complaint at ¶ 42; *See* the Defendants' Answer at ¶ 42.

- On November 14, 2022, Federal filed a Comment and Reservation of Rights with respect to the Enforcement Motion ("Response"). *See* Federal's Complaint at ¶ 43; *See* the Defendants' Answer at ¶ 43.

- On November 23, 2022, Xcoal filed its Reply in further support of the Enforcement Motion. *See* Federal's Complaint at ¶ 44; *See* the Defendants' Answer at ¶ 44.

- The Judgment Debtors did not file any response(s) to the Enforcement Motion, Federal's Response to the Enforcement Motion or Xcoal's Reply thereto. *See* Federal's Complaint at ¶ 45; *See* the Defendants' Answer at ¶ 45.

- On November 29, 2022, the Delaware District Court entered an Order for Enforcement Against Surety of Supersedeas Bond (the "Order Directing Bond Payment"). *See* Federal's Complaint at ¶ 46; *See* the Defendants' Answer at ¶ 46.

- A true and correct copy of the Order Directing Bond Payment is attached as **Exhibit 12**. *See* Federal's Complaint at ¶ 46; *See* the Defendants' Answer at ¶ 46.

- The Order Directing Bond Payment provides, in part that the "Judgment was affirmed on appeal, that [the Judgment Debtors] have not satisfied the Judgment, or otherwise shown cause as to why payment should not be made by Federal [ ] under the [Supersedeas] Bond." *See* Federal's Complaint at ¶ 10; *See* the Defendants' Answer at ¶ 10.

- Despite Federal's demands, the Indemnitors have failed and/or refused to indemnify and save harmless Federal from and against Xcoal's claim and demands under the Supersedeas Bond. *See* Federal's Complaint at ¶ 52; *See* the Defendants' Answer at ¶ 52.

- Despite Federal's demands, the Indemnitors have failed and/or refused to deposit collateral with Federal pursuant to Federal's rights, which is a breach of the Indemnitors' joint and several obligations under the Indemnity Agreement. *See* Federal's Complaint at ¶ 53; *See* the Defendants' Answer at ¶ 53.

- The Defendants failed and/or refused to remit to Federal the First Installment Payment [in connection with the Note]. *See* Federal's Complaint at ¶ 69; *See* the Defendants' Answer at ¶ 69.

- By letter dated April 14, 2023, Federal advised the Indemnitors that, under the Note and the Agreement, the Indemnitors are jointly and severally obligated, among other things, to make monthly payments of $200,000.00 commencing April 1, 2023 ("April 14 Letter"). *See* Federal's Complaint at ¶ 70; *See* the Defendants' Answer at ¶ 70.

- The Indemnitors did not comply with the April 14 Demand. *See* Federal's Complaint at ¶ 73; *See* the Defendants' Answer at ¶ 73.

- Federal, by correspondence to each of the Defendants dated May 5, 2023 ("May 5 Letter"), advised the Defendants that the April 14 Demand was not complied with, and, further, the May 1, 2023, installment payment due Federal ("Second Installment Payment") was not remitted to Federal. *See* Federal's Complaint at ¶ 74; *See* the Defendants' Answer at ¶ 74.

- The Defendants failed and/or refused to remit to Federal the Second Installment Payment [in connection with the Note]. *See* Federal's Complaint at ¶ 76; *See* the Defendants' Answer at ¶ 76.

- The Indemnitors did not comply with the May 5 Demand [in connection with the Note]. *See* Federal's Complaint at ¶ 77; *See* the Defendants' Answer at ¶ 77.

6

In addition to the foregoing admissions regarding their refusal to comply with their obligations, the Defendants did not dispute the validity or accuracy of any document attached to the Complaint, including the relevant agreements. As such, as set forth in the pleadings and for reasons set forth herein, this Court should, respectfully grant Federal's Motion for Judgment on the Pleadings as to Count I, Count II, Count III and Count IV of Federal's Complaint.

## LEGAL ARGUMENT

### POINT I

### LEGAL STANDARD FOR MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12(c)

The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim. Lively v. WAFRA Inv. Advisory Grp., Inc., 6 F.4th 293, 301 (2d Cir. 2021) (citing Lynch v. City of New York, 952 F.3d 67, 75 (2d Cir. 2020)).  Thus, where a "question [of fact] is in dispute, it [is] improper for the [court] to answer it on a motion for dismissal on the pleadings." Sheppard v. Beerman, 18 F.3d 147, 151 (2d Cir. 1994).  On a Rule 12(c) motion, the Court must accept as true all of the non-movant's well pleaded factual allegations, and draw all reasonable inferences in favor of the non-movant. See Davidson v. Flynn, 32 F.3d 27, 29 (2d Cir. 1994).

"When a plaintiff moves for judgment on the pleadings, the question for determination is whether on the undenied facts alleged in the complaint and assuming as true all the material allegations of fact in the answer, the plaintiff is entitled to judgment as a matter of law." CONMED Corp. v. Fed. Ins. Co., 590 F. Supp. 3d 463, 469 (N.D.N.Y. 2022) (quoting Allstate Ins. Co. v. Vitality Physicians Grp. Practice P.C., 537 F. Supp. 3d 533, 545 (S.D.N.Y. 2021)).  "In other words, if a defendant's answer admits, alleges, or fails to deny facts which, taken as true, would entitle a plaintiff to relief on one or more claims supported by the complaint, then the plaintiff's

Rule 12(c) motion should be granted." Id. "Judgment pursuant to Rule 12(c) can be particularly appropriate in breach of contract cases involving legal interpretations of the obligations of the parties" because "initial interpretation of a contract is a question of law for a court." VoiceAge Corp. v. RealNetworks, Inc., 926 F. Supp. 2d 524, 529 (S.D.N.Y. 2013).

New York courts routinely enforce indemnity agreements with terms that are similar to the Indemnity Agreement at issue.[5] See, e.g., Reid v. Telentos Construction Corp., et al., 2020 WL6152494 at *9 (E.D.N.Y. Oct. 20, 2020) (summary judgment in favor of surety against individual indemnitors); Travelers Indemnity Co. v. Harrison Constr. Grp. Corp., 2008 WL 4725970 (E.D.N.Y. Oct. 22, 2008) (same); see also, Colonial Sur. Co. v. Eastland Constr., Inc., 160 A.D.3d 437, 437-38 (1st Dep't 2018); Prestige Decorating and Wallcovering, Inc. v. U.S. Fire Ins. Co., 49 A.D.3d 406, 406-07 (1st Dep't 2008).

Here, the instant motion should be granted, in short, because the Defendants admit: that Federal issued and/or executed the Supersedeas Bond on behalf of certain Defendants and in favor of XCoal; that the Defendants executed various documents in favor of Federal obligating the Defendants to, among other things, indemnify, hold harmless and/or reimburse Federal for its losses, costs and expenses (including attorneys' fees) incurred in connection with, among other things, the Supersedeas Bond; that Federal made payment to XCoal under the Supersedeas Bond; and, that the Defendants have not complied with their joint and several obligations to indemnify, hold harmless or reimburse Federal for its losses, costs and/or expenses (including attorneys' fees) it has incurred (or may incur) in connection with the Supersedeas Bond and/or this action.

---

[5] New York law governs this matter under the terms of the Indemnity Agreement, the Agreement and the Note.

## POINT II

## PLAINTIFF FEDERAL INSURANCE COMPANY IS ENTITLED TO JUDGMENT ON THE PLEADINGS AS A MATTER OF LAW

*i.      Federal is entitled to judgment on the pleadings as a matter of law for Count I (contractual indemnification) and Count II (common law indemnification).*

Under New York law, the right to contractual indemnification depends upon the specific language of the contract. *See* Kader v City of N.Y., Hous. Preserv. & Dev., 16 A.D.3d 461, 463, 791 N.Y.S.2d 634 (2005).  The intent to indemnify must be clearly implied from the language and purposes of the entire agreement and the surrounding circumstances. *See* Drzewinski v Atlantic Scaffold & Ladder Co., 70 N.Y.2d 774, 777, 515 N.E.2d 902 (1987); Margolin v New York Life Ins. Co., 32 N.Y.2d 149, 153, 297 N.E.2d 80 (1973).  Inasmuch as a promise by one party to a contract to indemnify the other for attorney's fees incurred in litigation between them is contrary to the well-understood rule that parties are responsible for their own attorney's fees, the court should not infer a party's intention to waive the benefit of the rule unless the intention to do so is unmistakably clear from the language of the promise. Hooper Assocs., Ltd. v. AGS Computs., Inc., 549 N.Y.S.2d 365, 74 N.Y.2d 487, 492 (Ct. App. 1989).

Here, the Indemnity Agreement provides, in pertinent part:

> **INDEMNITY AND COLLATERAL FOR CLAIMS** – The INDEMNITORS shall indemnify, exonerate, and save harmless the SURETY from and against any and all liability, claims, demands, losses, costs, damages, and expenses, including, without limitation, any and all attorneys' and/or consultants' fees, expenses, costs, and disbursements, incurred by the SURETY under, in connection with, relating to, or as a result of having executed or procured any Bonds or in connection with, arising out of, or relating to any claim, action, or proceeding between the SURETY and the INDEMNITORS, or between the SURETY and any third party, in connection with, arising out of, or relating to any Bonds or the SURETY'S payment of or its liability or potential liability to pay any claims, irrespective of whether the claims are made against the SURETY as a joint or

9

several obliger and whether the INDEMNITORS are then liable to make such payment, and to place the SURETY in funds to meet all of its liability or potential liability under any Bonds, immediately upon request and before the SURETY may be required to make any payment thereunder

…

[a] copy of the claim, demand, voucher, or evidence of the payment by the SURETY of any liability, claims, demands, losses, costs, damages, and expenses shall be prima facie evidence of the fact and amount of INDEMNITORS' liability to the SURETY under this [Indemnity] Agreement. Any demand upon the SURETY by any obligee or beneficiary under any Bonds shall be sufficient to conclude that a liability exists and the INDEMNITORS shall then place the SURETY with sufficient funds in a form and amount deemed acceptable in the SURETY'S sole discretion, as collateral security to cover the liability.

…

**JOINT AND SEVERAL** – Each of the undersigned INDEMNIOTRS, along with each of their respective heirs, administrators, executors, successors, and assigns, are jointly and severally bound by the terms of this [Indemnity] Agreement.

*See* Federal's Complaint at Exhibit 1, at ¶¶ 2 and 12.

By this action, Federal is enforcing its rights of, without limitation, indemnification and reimbursement. It is undisputed that: Federal issued the Supersedeas Bond on behalf of certain of the defendants in connection with those defendants' appeal of a judgment entered against them; following affirmance of the judgment, Federal made payment to the obligee/judgment creditor under such bond; and, the defendants, contrary to their joint and several obligations, have failed and/or refused to indemnify and otherwise reimburse Federal.

Defendants admit that, on or about May 26, 2021, the Indemnitors executed the Indemnity Agreement in favor of Federal, as indemnitee. *See* Complaint at ¶¶ 10, 19 and 20; *see* Answer at ¶¶10, 19 and 20. The Indemnity Agreement provides, in pertinent part, that the Indemnitors are jointly and severally obligated to, among other things, indemnify Federal for all losses, costs and expenses

10

(including attorneys' fees) incurred and to be incurred by Federal in connection with the issuance and/or execution of certain surety bonds issued by Federal, including the Supersedeas Bond.

In connection with a judgment entered in favor of XCoal and against the Judgment Debtors, Federal, as surety, issued the Supersedeas Bond in the amount of $8,176,927.00. *See* Complaint at ¶ 32; *see* Answer at ¶ 32. The Defendants further admit that: XCoal asserted a claim and/or demand for payment under the Supersedeas Bond; Federal, consistent with its rights under the Indemnity Agreement, requested and/or demanded that the Indemnitors provide collateral security in favor of Federal; the Indemnitors failed and/or refused to comply with the Collateral Demand; Federal issued payment to XCoal in the amount of $8,176,927.00 further to the claim/demand under the Supersedeas Bond; and, Federal has not been indemnified or otherwise reimbursed for, among other things, the Bond Payment. *See* Complaint at ¶¶ 38, 40, 41, 42, 49, 52 and 53; *see also* Answer at ¶ 54 ("...Defendants admit that the Indemnitors failed to indemnify and reimburse [Federal] ....").

Here, it is undisputed that the Indemnity Agreement was executed, Federal made the Bond Payment to XCoal in the amount of $8,176,927.00 and the Defendants have failed to indemnify or otherwise reimburse Federal, as detailed above. Federal is thus entitled to judgment against the Indemnitors, jointly and severally, on Count I for contractual indemnification in the amount of no less than $8,182,914.50, which sum is comprised of Federal's Bond Payment to XCoal, plus costs and expenses, including certain attorneys' fees ($55,987.50) less the $50,000.00 that was reimbursed; the sum of $8,182,914.50 excludes interest due and to become due Federal, as well as all other losses, costs and/or expenses, including attorneys' fees, incurred and/or to be incurred by Federal (with interest thereon).  Federal reserves its right to pursue all such interest and additional losses, costs

and/or expenses, including attorneys' fees, incurred and/or to be incurred by Federal (with interest thereon).[6]

Based on the foregoing, Federal respectfully requests that this Court grant its Motion for Judgment on the Pleadings pursuant to Rule 12(c) as to Count I (contractual indemnification) and Count II (common law indemnification) of the Complaint.

*ii.*     ***Federal is entitled to judgment on the pleadings as a matter of law for Count III (Breach of the Agreement) and Count IV (Breach of the Note).***

"The essential elements to pleading a breach of contract under New York law are the making of an agreement, performance by the plaintiff, breach by the defendant, and damages suffered by the plaintiff." Startech, Inc. v. VSA Arts, 126 F. Supp. 2d 234, 236 (S.D.N.Y. 2000); Whitehurst v. 230 Fifth, Inc., 998 F. Supp. 2d 233, 255 (S.D.N.Y. 2014).

Here, the Agreement, in relevant part, provides:

> Forbearance and Tolling. In exchange for the Indemnitors' and Beech Coal's acknowledgments and agreement contained herein, including, without limitation, Beech Coal's agreement to be jointly and severally obligated to reimburse all Surety Loss [as such phrase is defined in the Agreement], Federal has agreed to forbear from immediate collection on any and all claims [Federal] has or may have for reimbursement of Surety Loss [as such phrase is defined in the Agreement] (the "Claims" for the period commencing on the Effective Date and ending on an Event of Default (the "Tolling Period")…. Any lawsuit or proceeding commenced or filed by Federal after the Effective Date and within one year after the expiration of the Tolling Period shall be deemed filed on the Effective Date.
> …
> as of the date hereof, Federal has incurred losses and expenses in the amount of $8,232,914.50 ('Current Surety Loss'), comprised of the Bond Payment, plus fees and expenses, including attorneys' fees, in

---

[6] Federal is entitled to judgment on Count II, for common law indemnification, against the Principals on the Supersedeas Bond. See, e.g., National Sur. Corp. v. Fishkill Natl. Bank, 61 Misc.2d 579 (Sup. Ct. N.Y. Cty. 1969), aff'd, 322 N.Y.S.2d 980 (1971) (recognizing a surety's right to common law indemnification).

the amount of $55,987.50, as a result of having issued the Bond and the enforcement of its rights under the Indemnity Agreement.

…

Reimbursement of Surety Loss.   Indemnitors and Beech Coal (sometimes, collectively, "Borrowers") will execute and deliver to Federal a Promissory Note and Security Agreement (the "Note") in the face amount of the Current Surety Loss….The Note shall accrue interest at the rate of five percent (5%) per annum on the outstanding daily balance of all Surety Loss; provided, however, that the interest rate will increase to the sixteen percent (16%) per annum or the maximum allowable rate under West Virginia law upon an Event of Default.  The Note shall be payable in thirty-six (36) installments as follows: (i) the first payment shall be in the amount of Two Hundred Thousand and 00/100 Dollars ($200,000.00), and shall be applied first to then unpaid fees and expenses, including, without limitation, attorney's fees, included in the amount of Current Surety Loss, then to accrued interest, and then to additional principal, if applicable; (ii) the next thirty-four (34) payments shall each be in the amount of Two Hundred Thousand and 00/100 Dollars ($200,000.00) and be applied first to interest, then to principal; and (iii) the final installment shall be equal to the then outstanding balance of all Surety Loss.

The first install shall be due and payable on April 1, 2023 [(hereafter, the "First Installment Payment")], with each successive installment due and payable on the first day of each month thereafter.

…

Surety Loss. For purposes of this Agreement, the term "Surety Loss" means and includes the following:  (i) the Current Surety Loss, which includes the Bond Payment; (ii) all accrued interest under the Note; (iii) all loss, costs and expenses of whatever kind, including unpaid premiums, interest, court costs and attorneys' fees, that Federal incurs or may incur as a result of having issued the [Supersedeas] Bond, in connection with the assumption of any obligations of Principal and/or the Indemnitors under the [Supersedeas] Bond, and/or the enforcement of the Indemnity Agreement, this Agreement, the Note and/or any other rights and remedies available to Federal at law, in equity or otherwise; and (v) any and all loss, claims, costs, expenses, including without limitation, attorneys' fees, for which the Indemnitors are obligated under the Indemnity Agreement.

…

> [if] any Event of Default occurs, Federal shall be entitled to
> accelerate the then unpaid balance of all Surety Loss under the Note
> and/or this Agreement, and shall be entitled to seek the recovery of
> any and all Surety Loss to which Federal is or may be entitled under
> this Agreement, the Note, the Indemnity Agreement, and applicable
> law.

*See* Federal's Complaint at Exhibit 14, Sections 3, 4, 5 and 7.

The Note provides:

> [a]n "Event of Default" means the failure to make any payment
> provided hereunder when due, and includes an Event of Default
> under the Agreement [ ]between [Defendants] and [Federal] of even
> date herewith.  In an Event of Default, [Federal] will have the right
> to accelerate the entire amount of unpaid principal and interest and
> demand payment in full therefor.  After default, this Note will bear
> interest at the Default Rate.  Upon an Event of Default, [Federal]
> may take such legal remedy as deemed necessary and appropriate to
> collect the default.  [Defendants] agree to pay all costs, including
> reasonable attorney fees, incurred or sustained by [Federal] in
> connection with collection efforts by suit or otherwise, and costs,
> fees, and expenses sustained or incurred by [Federal] in connection
> with the enforcement of guaranties or the protection of security for
> the payment of this Note.

*See* Federal's Complaint at Exhibit 15, at Section 3

In the Answer, the Defendants admit that, on or about March 10, 2023, the Indemnitors

and defendant, Beech Creek Coal Corporation executed: (1) the Agreement; and, (2) the Note. *See*

Complaint at ¶¶ 57 and 67; *see also* Answer at ¶¶ 57 and 67. The Agreement and the Note

(essentially a repayment plan) generally provide that: (a) the Defendants are jointly and severally

obligated to reimburse Federal for, as defined in the Agreement, all Surety Loss (the Bond Payment

plus costs, expenses and interest); (b) the Note was payable in thirty-six (36) monthly installments,

commencing on April 1, 2023; (c) the first thirty-five (35) installments were to be in the amount

of $200,000 each and the thirty-sixth (36th) payment would be for the then outstanding balance of

the Surety Loss; (d) failure to pay any installment payment is an "Event of Default"; and (e) upon

an Event of Default, Federal is entitled to accelerate payment of the then unpaid balance of all Surety Loss. The Defendants admit that they failed to remit the first and second installment payments, constituting an Event of Default. *See* Complaint at ¶¶ 69, 73 and 76; see also Answer ¶¶ 69, 73 and 76. This litigation followed.

Federal is also entitled to judgment against the Defendants on Counts III and IV (Breach of the Agreement and Breach of the Note). "Where a contract is unambiguous, courts must effectuate its plain language," without resort to extrinsic evidence. *See* <u>Peterson v. Islamic Republic of Iran</u>, 876 F.3d 63, 83 (2d Cir. 2017); <u>W. W. W. Assocs., Inc. v. Giancontieri</u>, 77 N.Y.2d 157, 162 (1990) ("when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms."). The Defendants admit that they executed the Agreement and the Note and that they failed to make required payments due Federal. Federal is thus entitled to judgment against the Defendants, jointly and severally, in the amount of no less than $8,182,914.50, which sum is comprised of "Surety Loss" agreed to in the Note and the Agreement, less the $50,000.00 that was reimbursed; the sum of $8,182,914.50 excludes interest due and to become due Federal, as well as all other losses, costs and/or expenses, including attorneys' fees, incurred and/or to be incurred by Federal (with interest thereon).  Federal reserves its right to pursue all such interest and additional losses, costs and/or expenses, including attorneys' fees, incurred and/or to be incurred by Federal (with interest thereon).

Based on the foregoing, Federal respectfully requests that this Court grant its Motion for Judgment on the Pleadings pursuant to Rule 12(c) as to Count III (breach of the Agreement) and Count IV (breach of the Note) of the Complaint.

## <u>CONCLUSION</u>

Based on the foregoing, Plaintiff, Federal Insurance Company respectfully requests this Court grant its Motion for Judgment on the Pleadings as well as any such other relief this Court deems just and proper.

Date: November 22, 2023

Respectfully submitted,

_s/ Michael R. Morano_
Michael R. Morano
MCELROY DEUTSCH, MULVANEY
& CARPENTER LLP
225 Liberty Street
36th Floor
New York, NY 10281
(T) 212-483-9490

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby state that on this date I have caused a true and correct copy of the Memorandum of Law in support of Federal Insurance Company's Motion for Judgement on the Pleadings pursuant to Rule 12(c) to be served on the following parties via the court's electronic filing system:

David C. Haber, Esq.
Cobert, Haber & Haber LLP
200 Garden City Plaza, Suite 103
Garden City, NY 11530
*Attorney for Defendants,*
*Bluestone Resources, Inc., Bluestone Energy Sales Corp., Southern Coal Corporation,*
*James C. Justice and Beech Creek Coal Corporation*

Dated: New York, NY
      November 22, 2023

                                    */s/ Michael R. Morano*
                                      Michael R. Morano, Esq.