USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/1/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FEDERAL INSURANCE COMPANY,

                Plaintiff,

-against-

BLUESTONE RESOURCES, INC., BLUESTONE ENERGY SALES CORP., SOUTHERN COAL CORPORATION, JAMES C. JUSTICE, II, BEECH CREEK COAL CORPORATION, JOHN DOE(S) 1-10 (FICTITIOUS NAMES REPRESENTING UNKNOWN INDIVIDUALS); and XYZ CORP(S) 1-10 (FICTITIOUS NAMES REPRESENTING UNKNOWN CORPORATIONS),

                Defendants.

1: 23-cv-04963 (MKV)

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

---

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiff Federal Insurance Company ("Plaintiff") brings this action against Defendants[1] alleging that Defendants have repeatedly failed, and refused, to comply with their joint and several contractual obligations to indemnify, hold harmless, and/or otherwise reimburse Plaintiff. Plaintiff now moves for judgment on the pleadings, seeking judgment in favor of Plaintiff not only with respect to liability on four of the five counts asserted in the Complaint, but also seeking entry of a judgment that includes a specific damages amount, which includes attorneys' fees and costs. [ECF No. 25]. Defendants do not appear to dispute *liability* on the Counts, but instead, dispute only the allegation in the Complaint which sets forth Plaintiff's attorneys' fees and costs. [ECF No. 26].

    Notwithstanding, the Court, as it is independently obligated to do, has assessed whether it has subject matter jurisdiction in connection with this action. *See Henderson v. Shinseki*, 562 U.S.

---

[1] In this Motion, Defendants Bluestone Energy Sales Corp., Southern Coal Corporation, and James C. Justice II are collectively referred to as "Principal" or "Judgment Debtors." The Principal or Judgment Detors and Defendant Bluestones Resources Inc. are each referred to as an "Indemnitor" and are collectively referred to as the "Indemnitors." The Indemnitors and Defendant Beech Creek Coal Corporation are collectively referred to as the "Defendants."

428, 434 (2011); *In re Tronox Inc.*, 855 F.3d 84, 95 (2d Cir. 2017); *see e.g.*, *Digitel, Inc. v. MCI Worldcom, Inc.*, 239 F.3d 187, 189-90 (2d Cir. 2001) (affirming the district court's *sua sponte* dismissal on subject-matter jurisdiction grounds); *Curcio v. Abrams*, No. 22-693, 2023 WL 31183, at *2 (2d Cir. Jan. 4, 2023) (summary order) (affirming the district court's *sua sponte* dismissal).

After review, Plaintiff's motion for judgment on the pleadings is hereby DENIED *without prejudice* based on the apparent lack of subject matter jurisdiction in light of Plaintiff's improperly plead diversity of citizenship in its Complaint. [ECF No. 1]. The Court will simultaneously enter an Order to Show Cause directing Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. *See Flemming v. Port Authority of New York and New Jersey*, No. 21 Civ. 1112, 2021 WL 878558, at *1-2 (E.D.N.Y. Mar. 9, 2021). The Clerk of Court is respectfully requested to close docket entry 25.

**SO ORDERED.**

**Date:  July 1, 2024**
**New York, NY**

*[signature: Mary Kay Vyskocil]*
**MARY KAY VYSKOCIL**
**United States District Judge**